Opinion of the Court, by
Judge Logan.
Robert Johnson, assignee of John Craig, having recovered a judgment at law against Thomas Carneal, for £250, besides interest and costs, on a bond executed the 23d of August 1787, Carneal, to enjoin it, exhibited his bill, alleging that said bond was given in consideration of a 36th part of Drennon’s Lick and certain land around it; that he had made payments to Craig, amounting to £346 6d. and that on discovering that Craig was unable to transfer that interest, they agreed to cancel said bond, and thereupon Craig repaid to him the sum of £346 6d. in sundry items; but states that said bond being placed in the hands of Col. Innis towards discharging a debt he had to collect from Craig, could not then be given up, but was to have been delivered in convenient time; and that Craig, in consequence thereof, passed his receipt, on the 11th of September 1790, in full of all accounts; which he alleges was intended, not only in full of accounts, but likewise in full of all demands.
The defendants admit that the bond referred to was given for the consideration in the bill mentioned, and that owing to Craig’s being unable to convey, it was agreed that, in lieu of that interest, he should pass his bond to Lewis Craig, in discharge of a debt due to him from Carneal, for £170, and execute another to Carneal himself, for 400 acres of land, at £20 per 100; thus paying Carneal for his bond, and substituting these debts in lieu of the interest he had purchased in Drennon’s Lick. They admit that the bond on Carneal had been given to Col. Innis, for the purpose in the bill *173 mentioned, and urge this as the reason that it was not delivered up to Carneal, and of the other debts being contracted. They set forth and refer to other accounts exhibited by the complainant, varying in their credits, but producing the same result, by closing without a balance in favor of either; and Craig relies on the settlement of their accounts, as closing all unliquidated and floating demands, without bringing into view either the bond on Carneal, or one on himself, for two negroes, which he owed to Carneal. He expressly denies that the bond on Carneal was taken into consideration upon the settlement of their accounts, or that it was intended to be embraced by the receipt aforesaid; states that it has never been paid, and that owing to the great length of time, the settlement of their accounts, and want of vouchers and evidence which had been given up or destroyed under the faith of said settlement, he cannot recollect the various transactions between the complainant and himself; requires proof of the allegations in the bill, and relies, moreover, on the statute of limitations, in bar of the complainant’s demand.
The principal question for examination in this cause, is, whether Carneal discharged his bond for the £250. The failure of consideration is not the ground of relief. It was Craig’s inability to convey under the first contract, which induced, the second. So that whether Carneal made payments which were received in satisfaction of his bond, is the point in contest.
The proof of this fact lies on the complainant; and the rule in equity is, that allegations in the bill, positively denied in the answer, must be supported by the evidence of two witnesses, or of one and strong corroborating circumstances. How far this rule will apply in cases of injunctions, in which there is oath against oath, may be proper for consideration, if, upon examination, this case shall be found to depend on the operation of the rule. And whether the statute of limitations will apply in bar of the complainant’s demand, must depend on the fact, whether the payments alleged were made and settled between the parties in discharge of said debt; for if they were connected therewith, then the standing of the one must justify the continuance of the other free from the operation of the statute. This still leads to the inquiry, whether those payments were considered by the parties as applying to said bond.
*174 The receipt itself is not evidence of such intention. It applies to accounts, and not to the bond. The complainant must, therefore, depend on other proof to support the allegations in his bill. And it is not only necessary to furnish such proof, but to show, moreover, that the payments were made or settled between the parties in part of that debt; otherwise, the statute of limitations will bar them. To do this, however, it seems that clear and unequivocal evidence of considerable payments, which the defendant fails to account for, by meeting them with other demands of his, or sets-off, might be sufficient, when taken in connexion with other circumstances, to show that the receipt was intended to apply to the bond, as well as to other demands or accounts. We shall proceed, therefore, to examine the evidence in relation to those payments.
The account itself, as exhibited by the complainant, is as follows:

Captain John Craig in account with Thomas Carneal.

1788—To one 36th of Drennon’s Lick, for which I executed my bond, as per contra, 250
August 14th—To Gen. Scott’s bond, for, &c. 120 July 24th—To assumpsit for John Price, 61 6 6
To order in favor of John Davis, 11 6
To assumpsit for Robert O’Neil, 7 8
To a negro paid Gen. Wilkinson, at, &c. 100
To a moiety of Turner’s bond for £80, 40
To expences for travelling, &c, 6
£596 0 6
And the Credits given are:
1788—By bond for the purchase of a 36th part of Drennon’s Lick, 250
Dec’r.—By sundry goods, &c. in part of Turner’s bond, 10
1790, Feb. 2d—By 400 acres of land at £20 per 100, 80
By assumpsit to Lewis Craig, 170
By bond to Stapp for two negroes, 86 0 6
£596 0 6
Independent of the £250 for the interest in Drennon's Lick, the account is for the amount alleged, of £346 6d. The evidence in relation to the items charged, sufficiently proves the payment of the 120 and the 100 *175 pounds contained in the account; and with regard to the residue of the account, Lewis Craig deposeth, that in the years 1787 and 1788, Carneal procured credits with him for the benefit of John Craig, for the following sums, to wit: By John Price, £1 6s. 6d.; by Robert O’Neil, £7 8s. and by George Turner, £40. And the payment to John Davis, we think satisfactorily shown. But, from an examination of the deposition of Lewis Craig, it does not appear that John Craig had received the sum, on account of Turner’s bond, for which Carneal settled with Lewis Craig. Carneal may himself have received the benefit thereof, without any benefit therefrom to John Craig.
The proof, then, in relation to the items charged in the account, establishes payments amounting in all to £240. Those payments, it seems, were made previous to the year 1790; and on the 2d of February 1790, Craig passed his bonds for the payment of £250, in lieu of the interest he had sold in Drennon’s Lick, and in consideration of the bond to him for that sum. But at the time of executing these bonds, no notice seems to have been taken of the payments which Carneal charges to have been previously made. There is nothing, then said with respect to credits on his bond to Craig. In September following, a settlement is made, and a receipt given in full of all accounts. The bond is not then named, and the receipt does not, in legal contemplation, apply to it, It was then, and it had been in February preceding, absent.
If the complainant depends on proving that the receipt was intended to comprehend the bond in question, from the amount of payments he had made, then the defendants rebut that presumption, by an alleged existence of various accounts and transactions, and from a credit of two negroes shown in the complainant’s own account as exhibited, together with a former account furnished by him, as charged and set forth in the answer of Johnson, containing another credit of £154 12s. but omitting a different one for £170, which Johnson alleges he then claimed, and which the complainant afterwards gave; but in the room of the £154 12, although apparently distinct credits.
This account, furnished by the complainant to the defendant, Johnson, and which he exhibits as the complainant’s, seems to have been read in the court below, *176 without any scruple of its being the account or act of the complainant. Now, the additional credit contained in it, of £154 12s. together with the negroes paid by Craig to the credit of Carneal, at once meet the amount of payments proved by Carneal; for those negroes, in the former account, are credited at £101 8s. 6d. and the evidence in the cause shows that such were, at that time, worth about £120.
We are, therefore, of opinion that the court below erred in sustaining the complainant’s injunction; but that it ought to have dissolved the same, and dismissed the bill with costs and damages. Wherefore, it is decreed and ordered, that the said decree of the general court be reversed and set aside; and that this suit be remanded to that court, in order that it may enter its decree dissolving the complainant’s injunction and dismissing the bill with costs and damages.